IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| REBECCA JANOWSKI, | ) | CIVIL ACTION NO. 12-986 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | JUDGE JOY FLOWERS CONTI |
| v. | ) | |
| SAGE CLIENT 441, LLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**CONTI, District Judge.**

Pending before the court is a motion to dismiss filed by defendant Sage Client 441, LLC ("defendant" or "Sage Client"). (ECF No. 6.) There are two relevant lawsuits to this motion to dismiss. Both lawsuits are between plaintiff Rebecca Jankowski[1] ("plaintiff" or "Jankowski") and Sage Client. The first lawsuit, <u>Jankowski v. Sage Client 441, LLC</u>, No. 08-770, was filed in 2008 (the "2008 case"), and the second lawsuit is the present case, filed in 2012 (the "present case" or "2012 case.") Both of these cases involve plaintiff accusing defendant, her former employer, of unlawful discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. §§ 951 *et seq.* ("PHRA"). In the complaint in the present case, plaintiff avers she exhausted her administrative remedies with the Equal Employment Opportunity Commission ("EEOC").

---

[1] The caption of this case refers to plaintiff as "Janowski." This appears to be a mistake. Plaintiff refers to herself as "Jankowski" in the complaint filed in this action, and the caption of the 2008 lawsuit between these parties refers to plaintiff as "Jankowski" as well.

1

Plaintiff, however, does not aver that she exhausted her remedies with the Pennsylvania Human Rights Commission ("PHRC.") (See ECF No. 1 ¶ 4.) Because PHRA claims are analyzed consistently with claims brought under federal discrimination statutes, the court's analysis applies to plaintiff's federal claim and if valid, her state claim under the PHRA as well. See Scheidemantle v. Slippery Rock Univ., 470 F.3d 535, 539 (3d Cir. 2006) ("We construe Title VII and PHRA consistently.")

Plaintiff filed the complaint in the present case on July 13, 2012. (ECF No. 1.) The one-count complaint alleges defendant intentionally retaliated against plaintiff in violation of Title VII. (Id.) On September 13, 2012, defendant filed a motion to dismiss the complaint and a brief in support of that motion. (ECF Nos. 6, 7.) On October 4, 2012, plaintiff filed a response in opposition to that motion. (ECF No. 12.) On October 8, 2012, defendant filed a motion for leave to file a reply brief to plaintiff's response. (ECF No. 13.) The court granted that motion, and defendant filed its reply brief on October 25, 2012. (ECF No. 15.) A motion hearing with respect to the motion to dismiss was held on November 19, 2012 (the "hearing"). After reviewing the pleadings, considering the briefs in support of and in opposition to the motion and the parties' oral arguments, taking judicial notice of matters of record in the 2008 case, and accepting as true the allegations in the complaint, the court finds plaintiff failed to state a claim for relief under Title VII and the PHRA. Because amendment would be futile, the complaint will be dismissed with prejudice.

I. **Factual allegations set forth in the complaint in the 2012 case**

Plaintiff was employed by defendant as a banquet server beginning in October 2002 through February 13, 2006. (ECF No. 1 ¶¶ 6, 9, 23.) According to plaintiff, defendant is a corporation doing business in the food service industry and is an employer within the meaning of

Title VII and the PHRA. (Id. ¶¶ 7, 8.) On May 9, 2006, plaintiff filed charges against defendant with the EEOC alleging violations of Title VII. (Id. ¶ 25.) The EEOC issued a cause determination finding a violation of Title VII based upon gender and retaliation. (Id.) These charges stemmed from defendant firing plaintiff after she notified defendant's human resources department that her manager inappropriately touched her on multiple occasions and conducted himself in an offensive manner. (ECF No. 1 ¶¶ 11-17.) Defendant informed plaintiff that she was fired because she was late to work on February 7, 2006. (Id. ¶ 23.) After filing suit and litigating the matter in this court, plaintiff accepted an offer of judgment from defendant, and judgment was entered in her favor by the court on October 21, 2010. (Id. ¶ 26.)

On July 10, 2011, plaintiff applied for the position of on-call banquet server or bartender for defendant's hotel. (ECF No. 1 ¶ 27.) According to plaintiff, defendant's stated reason for refusing to hire her was due to the alleged performance issues that led defendant to fire her in 2006. (Id. at 28.) Plaintiff alleges defendant's refusal to hire her constitutes intentional retaliation based on plaintiff exercising her federal rights in filing internal and formal complaints against defendant in the 2008 case. (Id. ¶¶ 29, 31.) Plaintiff alleges defendant's acts were malicious and taken in reckless disregard for plaintiff's federally protected civil rights. (Id. ¶ 32.) Plaintiff asserts she has and will continue to suffer irreparable injury and monetary damages as a result of the defendant's discriminatory practices unless and until this court grants relief. (Id.) These damages include emotional distress, lost wages, and other economic benefits of her employment with defendant. (ECF No. 1 at ¶ 34.) Plaintiff seeks, among other things, declaratory relief, reinstatement, compensatory and punitive damages, costs and attorneys' fees, and any equitable and injunctive relief, including front pay, this court finds is warranted under the facts of this case. (Id. ¶ 35.

## II. Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits, rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 667 (citing Twombly, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 667 (quoting Twombly, 550 U.S. at 556) (internal citations omitted). Two working principles underlie Twombly. Iqbal, 556 U.S. at 667. First, with respect to mere conclusory statements, a court need not accept as true all of the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S.

at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — that the pleader is entitled to relief.'" Id. (quoting FED. R. CIV. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions.

> While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id.

If the plaintiff fails to state a claim upon which relief may be granted, the court may grant a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15, which provides: "The court should freely give leave [to amend] when justice so requires." Rule 15, however, "does not permit amendment when it would be futile. Futility '"means that the complaint, as amended, would fail to state a claim upon which relief could be granted."' Kenny v. United States, No. 10-4432, 2012 WL 2945683, at *4 (3d Cir. Jul. 19, 2012) (citing Burtch v. Millberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011)). "The standard for deciding whether claims are futile for the purpose of granting leave to amend a complaint is the same as a motion to dismiss." Markert v. PNC Financial Servs. Group, Inc., 828 F. Supp. 2d 765, 771 (E.D. Pa. 2011).

**III. Discussion**

The Court of Appeals for the Third Circuit has noted:

> To establish a *prima facie* case of retaliation under Title VII, a plaintiff must tender evidence that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action."

Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006.) "Where, as here, the plaintiff claims that the retaliation took the form of a failure to hire, the plaintiff must also show: 4) that he applied for an available job; and 5) that he was qualified for that position." Morgan v. Fed. Home Loan Mortg. Corp., 328 F.3d 647, 651 (D.D.C. 2003). In the complaint in the present case, plaintiff averred that:

> (1) she engaged in protected activity, i.e., she sued defendant for employment discrimination in the 2008 case;
>
> (2) the defendant took an adverse employment action her, i.e., refused to hire her;
>
> (3) a causal connection exists between the adverse employment action and the protected activity, i.e., plaintiff averred that defendant refused to hire her because she filed the 2008 lawsuit;
>
> (4) she applied for an available position with defendant, i.e., plaintiff averred she applied for the job of on-call banquet server/bartender with defendant's hotel (defendant does not dispute that this was an available position); and
>
> (5) she is qualified for the position, i.e., she was a banquet server for more than three years with the defendant's hotel.

(ECF No. 1.) At issue is whether plaintiff failed to state a claim for retaliation because she did not set forth factual allegations sufficient for a plausible finding of causation between the protected activity, filing the 2008 lawsuit, and the adverse employment action, defendant's decision to not rehire her.

Two main factors are relevant with respect to the existence of a causal link between the employee's protected activity and the employer's adverse action: (1) timing and/or (2) evidence

of ongoing antagonism. Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 288 (3d Cir. 2001) ("[T]emporal proximity . . . is sufficient to establish the causal link. . . . [A] plaintiff can [also] establish a link between his or her protected behavior and subsequent discharge if the employer engaged in a pattern of antagonism in the intervening period.").

If the adverse employment action takes place before the protected activity, the court cannot find the requisite causal connection exists to state a claim for retaliation under Title VII or the PHRA. Koteles v. ATM Corp. of Am., No. 05-1061, 2008 WL 4412098, at *17 (W.D. Pa. Sept. 23, 2008). In Koteles, the plaintiff sued her employer under Title VII and the PHRA for, among other claims, retaliation, asserting she was not promoted in June 2003 because she complained to her employer in October 2003 and filed a claim with the EEOC in February 2004. The court held:

> Because plaintiff's complaint to her supervisor was made four months after she was denied the position and she did not file her complaint with the EEOC until four months after she complained to her supervisor, no causal connection can be drawn that plaintiff's failure to obtain the position, which predated her activities, was somehow retaliatory for any of her protected activities.

Koteles, 2008 WL 4412098, at *17 (citing Emerick v. Norfolk Southern Ry., No. 03-266, 2006 WL 3692595, at *4 (W.D. Pa. Dec. 12, 2006.)) This case is similar to Koteles because in this case, the adverse employment action, i.e., the decision to not rehire plaintiff, was taken before the protected activity, i.e., filing the 2008 lawsuit.

In June 2006, defendant prepared a "Separation Notice" with respect to the termination of plaintiff's employment, which took place in February 2006. A copy of the Separation Notice was attached to defendant's motion to dismiss in the present case and had been filed as an exhibit to defendant's motion for summary judgment in the 2008 case. (See ECF No. 7; 2008 Case ECF No. 26-7 at 5.) Plaintiff acknowledged the Separation Notice in her response to defendant's

7

statement of material facts in the 2008 case, and as indicated in her response, during the litigation of the 2008 case, her counsel referred to the Separation Notice when deposing Heather Ann Urban, one of defendant's employees responsible for making the decision to terminate plaintiff in 2006. (2008 Case ECF No. 32 at ¶ 40.)

The Separation Notice contains personal information about plaintiff, and halfway down the page, a box is checked next to the words "DISCHARGED – REASON." (See ECF No. 7; 2008 Case ECF No. 26-7 at 5.) To the right of that checked box, the Separation Notice provides defendant's stated reason for discharging plaintiff: "excessive documentation for tardiness/absenteeism issues." (Id.) Two lines below defendant's reason for discharging plaintiff, the Separation Notice reads: "ELIGIBLE FOR REHIRE?" (Id.) Next to that line, there are two boxes, one next to the word "YES" and one next to the word "NO." (Id.) The box next to the work "NO" is checked, indicating defendant made the decision to not rehire plaintiff before or at the time the document was prepared. Id. The document is signed by Jennifer Wilson ("Wilson"), a human resources assistant employed by defendant. (Id.) The date of Wilson's signature is June 16, 2006. (Id.) The Separation Notice has a time stamp on it indicating it was faxed on June 20, 2006. (Id.) There is no indication as to whom the document was faxed, but above the title of the document, it reads "IMMEDIATELY FAX TO "TALX" 303-552-3283." (Id.) The Separation Notice shows the decision to not rehire plaintiff was made on or before June 16, 2006, the date on which the Separation Notice was signed by Wilson. Plaintiff's acknowledgement of the Separation Notice in the 2008 lawsuit, furthermore, indicates plaintiff became aware of the Separation Notice prior to reapplying for a position with defendant's hotel in 2011.

The court may take judicial notice of the Separation Notice and its contents under Federal Rule of Evidence 201(b), which provides:

> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> > **(1)** is generally known within the trial court's territorial jurisdiction; or
> >
> > **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

FED. R. EVID. 201. "Courts have the power to judicially recognize their own records of prior litigation closely related to the present case." 1 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 201.12[3] (2d ed. 2012). The court finds the litigation in the 2008 case is closely related to the present case because the parties are the same and the controversy in both cases arises from a related set of facts. The court, therefore, takes judicial notice of the Separation Notice and its contents because the Separation Notice was included in the filings of record in the 2008 case.

The Separation Notice shows that the decision to not rehire plaintiff was made on or before June 16, 2006, when defendant indicated plaintiff was ineligible for rehire; in other words, the decision predated plaintiff's 2008 lawsuit. Defendant's 2006 decision to not rehire plaintiff could not have been made in retaliation for plaintiff filing the 2008 lawsuit because the decision was made *before* plaintiff filed the 2008 lawsuit. Plaintiff, therefore, cannot show causation in this case. Plaintiff's one-count complaint alleging retaliatory failure to hire must be dismissed.

### IV. Conclusion

Based on the foregoing and as more fully set forth on the record, plaintiff failed to state a claim for retaliation under Title VII and the PHRA because she failed to set forth factual allegations sufficient for a plausible finding that the requisite causal connection exists between the adverse employment action and the protected activity. The defects in the complaint cannot be

cured by amendment because the record demonstrates the adverse employment action occurred prior to the protected activity in issue.

V. **Order**

AND NOW this 4th day of January, 2013, the motion to dismiss (ECF No. 6) filed by defendant is GRANTED, and the complaint is dismissed with prejudice without leave to amend. The clerk should mark this case closed.

Dated: January 4, 2013					By the court,

							/s/ JOY FLOWERS CONTI
							Joy Flowers Conti
							U.S. District Judge